MONMOUTH PLUMBING SUPPLY COMPANY, APPELLANT,
v. JEREMIAH McDONALD, RESPONDENT.

Submitted May 15, 1929—Decided November 8, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the appellant, *Charles F. Sexton.*

For the respondent, *James D. Carton.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an appeal of the plaintiff from a judgment of nonsuit directed against it by the trial court. In the year 1921 the defendant's son Romeo desired to obtain a credit account from the plaintiff, who was in the business of selling plumbing and heating materials. The plaintiff being unwilling to extend credit to Romeo without security, the latter applied to his father, the defendant, to guarantee his account with the plaintiff and the defendant thereupon wrote the following letter to the plaintiff company:

"Gentlemen: Kindly extend credit to R. McDonald, 600 Grand avenue, Asbury Park, New Jersey, for plumbing and heating materials to the amount of $250; and I hereby become security for the same and will see that the same is paid within sixty days from the date of invoice, or discount the bill on the tenth of each month."

On the strength of this guarantee the plaintiff for several years succeeding its making furnished to Romeo McDonald, as ordered by him, plumbing and heating materials. In July, 1923, the son having failed to pay the amount due from him to the plaintiff for materials furnished, the defendant gave his check to the latter for $71.80 to be applied upon the son's indebtedness. Later, and in September, 1923, the son then being indebted to the plaintiff for a considerably larger amount, the defendant paid to the plaintiff on account of this indebtedness the sum of $197.10. The plaintiff continued to extend credit to the son after the making of these payments by the father, and in April, 1924, the son's indebtedness to the plaintiff for materials supplied amounted to some $464.22. The plaintiff called upon the son for payment of this amount, and he having failed to make such payment upon demand, the present suit was brought against the father upon his contract of guarantee, the claim of the plaintiff being that he was obligated by the terms thereof to pay on account of the indebtedness of his son as it existed in April, 1924, the sum of $250. The defendant refusing to recognize any liability to make this payment, the present suit was

brought; and all of these facts having appeared in the proofs submitted by the plaintiff, a judgment of nonsuit was thereupon entered, the basis of which was that the two payments above referred to discharged the father from any further obligation on account of the indebtedness of his son to the plaintiff.

The plaintiff contends that the direction of a nonsuit against it was erroneous for the reason that the contract of guarantee covered not only materials furnished to the son shortly after the giving of the guarantee contract, but also all materials subsequently furnished by it to the son from time to time; in other words, that it was a continuing contract and that the liability of the guarantor thereunder covered the items of the account upon which the son defaulted in payment. This contention seems to us to be unsound. We concede that the guarantee is a continuing one within the meaning of that term—that is, that it was a guarantee which was not limited to a single transaction, but which contemplated a future course of dealing covering a series of transactions for an indefinite time—but the fact that it was of such a character does not impose a continuing liability upon the guarantor after he has made good upon his guarantee. The accepted rule is that the payment by the guarantor of the principal debt to the extent that it is covered by the contract of guarantee discharges him from any further liability thereon. 28 *C. J.* 1003, § 164. The effect of the payment of the son's indebtedness to the extent of $71.80 in July, 1923, and the further payment on that account in September of the same year in the amount of $197.10, a total exceeding the limit fixed by the contract of guarantee, wiped out any further obligation on the part of the defendant with relation to the payment of his son's debt to the plaintiff. This being so, we conclude that the direction of the nonsuit was proper and that the judgment under review should be affirmed.